UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES  DIVISION

| | | |
|---|---|---|
| **DANIEL W. KINARD**<br>     **FED. REG. #10250-007** | : | **CIVIL ACTION NO.  2:14-cv-1658**<br>**SECTION P** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **FEDERAL BUREAU OF**<br>**PRISONS, ET AL** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is the *pro se habeas corpus* petition filed pursuant to 28 U.S.C. § 2241 by petitioner Daniel W. Kinard (hereinafter "Kinard").  Kinard is an inmate in the custody of the Federal Bureau of Prisons; he is currently incarcerated at the Federal Correctional Institute in Oakdale, Louisiana (hereinafter "FCIO").

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.  For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE**.

## I.
### BACKGROUND[1]

Kinard pleaded guilty to two counts of armed robbery and was sentenced on February 26, 1992, by the Superior Court of the District of Columbia.  Doc. 14, p. 1.  Following a subsequent jury trial, Kinard was sentenced to an additional term of imprisonment on August 5, 1992.  On February 24, 1994, Kinard's sentence was amended as follows: five years to life for armed

---

[1] Much of this factual background is taken from a petition for *habeas corpus* filed by Kinard in the United States District court, Western District Of Virginia, Roanoke division.  *See Kinard v. O'Brien,* No. 7:07-cv-00601 (W.D.Va.).

robbery, twenty years to life for Murder I while armed, five to fifteen years for possession of a firearm during a crime of violence, and one year for carrying a pistol without a license.

On December 27, 2007, Kinard filed a petition for writ of *habeas* pursuant to 28 U.S.C. § 2241 in the Western District of Virginia, challenging the interpretation of the District of Columbia Good Time Credits Act by the Bureau of Prisons. *See Kinard v. O'Brien*, No. 7:07-cv-00601 (W.D.Va.). Specifically, he challenged the BOP's calculation of his institutional, educational, meritorious, and statutory good time credits. *Id.* Relief was denied by the District Court on May 16, 2008, and by the Fourth Circuit Court of Appeal on October 20, 2008. *Kinard v. O'Brien,* 296 Fed. App'x. 358 (4th Cir. 2008).

In his current *habeas corpus* petition Kinard again contests the interpretation and application of the District of Columbia Good Time Credit Act, as well as the alleged denial of various good time credits. Doc. 14, pp. 6-10.

## II.
### LAW AND ANALYSIS

Pursuant to 28 U.S.C. § 2244(a), a district judge is not required to entertain a *habeas* application inquiring into a person's detention pursuant to a United States Court judgment if it appears that the legality of such detention has been determined by a United States Court on a prior application for a *habeas* writ. *See Ortloff v. Fleming*, 88 F. App'x 715, 716 (5th Cir. 2004), which stated that the present version of 28 U.S.C. § 2244(a), applies to section 2241 cases. Further, the Fifth Circuit has held that even the version of 28 U.S.C. § 2244(a) that was in effect prior to enactment of the Antiterrorism and Effective Death Penalty Act bars successive 28 U.S.C. § 2241 petitions that are based on the same claim. *United States v. Tubwell*, 37 F.3d 175, 177-78 (5th Cir.1994).

As previously stated, the District Court in the Western District of Virginia previously addressed Kinard's contentions regarding the issuance of good time credit and the application of the District of Columbia Good Time Credits Act. His claims have been fully litigated in the district court and the Fourth Circuit Court of Appeal.

Accordingly,

**IT IS RECOMMENDED** that the petition for *habeas corpus* filed pursuant to 28 U.S.C. § 2241 be **DISMISSED WITHOUT PREJUDICE** as duplicitous in accordance with 28 U.S.C. § 2244(a), as Kinard's claims have previously been determined by a United States court in a previous *habeas* petition.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 13th day of April, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE